IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

**DEBRA MORRIS, et al.** §
§ **NO. 9:16-cv-35**
**V.** §
§
**AIRCON CORPORATION, et al.** §

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

The court referred this case by order to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management on April 13, 2016. Doc. No. 16. The court has received the report of Judge Hawthorn (Doc. No. 133), which recommends denying Defendant Global Asset Protection Services, LLC's ("GAPS") Motion for Summary Judgment (Doc No. 78). GAPS filed objections to the report and recommendation (Doc. No. 139), and the Plaintiffs filed their response (Doc. No. 148).

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

After undertaking a *de novo* review of Judge Hawthorn's report and recommendation, the court concludes GAPS's objections are without merit. Judge Hawthorn recommended denying GAPS's Motion for Summary Judgment because he concluded that the Plaintiffs established a genuine dispute of material fact as to whether GAPS owed them a duty within the meaning of

Section 324A of the Restatement (Second) of Torts, which provides as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

RESTATEMENT (SECOND) OF TORTS § 324A (1965).

GAPS's objections are largely a restatement of its arguments in the initial Motion for Summary Judgment. The primary thrust of GAPS's objections relates to the scope of services GAPS contracted to provide to Georgia-Pacific in the operative "Risk Consulting Services Proposal/Agreement," otherwise known as the "Operative Agreement." Doc. No. 139, at 4. GAPS argues that because the Operative Agreement only limited its undertaking to property risk consulting services and disclaimed any life, safety or health issues, GAPS owed no duty to the Plaintiffs under Section 324A.

A service provider's duty of care extends to third parties when the service provider recognized or should have recognized the services as necessary for the protection of third persons. *Lowe's Home Ctrs., Inc. v. GSW Mktg., Inc*., 293 S.W.3d 283, 292 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Moreover, whatever the motive may have been for a defendant to conduct inspections, if a purpose is to increase the safety of the property at issue for people who work near it, liability will be established under Section 324A. *See Seay v. Travelers Indem. Co*., 730 S.W.2d 774, 779 (Tex. App.—Dallas 1987, no writ). Lastly, parties to a contract cannot effectively waive negligence claims of third parties. *Ely v. Gen. Motors Corp*., 927 S.W.2d 774, 781 (Tex. App.—Texarkana 1996, writ denied).

According to GAPS's risk inspector, Grant Ward, its risk assessment services follow the National Fire Protection Association (NFPA) standards "as a guide of [GAPS's] evaluation." Doc. No. 85, Ex. 3, at 8. Ward also conceded that NFPA standards are specific to "life [and] safety" and that there is an overlap between keeping property safe and keeping the workers around that property safe. *Id*. at 3. Ward also acknowledged that the "scope of services" provided by GAPS includes a "thorough . . . explanation of each individual hazard," as well as a confirmation that the safety protection in place satisfies the NFPA standards. Doc. No. 85, Ex. 3, at 34. Because GAPS used the NFPA standards that are specific to life and safety as a guide to its evaluation, GAPS, at the very least, should have known that such an evaluation was necessary for the protection of third persons. Thus, despite any disclaimer in the Operative Agreement, there is a genuine dispute of material fact whether a duty is extended to the plaintiffs pursuant to Section 324A.

In the remaining portion of its objections, GAPS attacks the magistrate judge's findings with respect to whether there is a genuine dispute of material fact regarding whether GAPS's failure to use reasonable care increased the risk of harm to the Plaintiffs, and if the harm suffered by the Plaintiffs was due to Georgia-Pacific's reliance on the services rendered by GAPS. *See* §324A(a). The court agrees with Judge Hawthorn that there is a genuine dispute of material fact as to whether GAPS's failure to use reasonable care increased the risk of harm to the Plaintiffs. *See* Doc. No. 133, at 9-10.

GAPS further contends that a defendant may only be liable if the employer so relied on the defendant's undertaking that it neglected its own safety inspection program to the employees' detriment. Doc. No. 139, at 8, (emphasis in original) (citing *Tillman v. Travelers Indem. Co.*, 506 F.2d 917, 921 (5th Cir. 1975)); s*ee* §324A(c). There is sufficient evidence in the record, when viewed in the light most favorable to the Plaintiffs, that Georgia-Pacific relied upon GAPS's risk

3

assessment services as a substitute for Georgia-Pacific's own safety program. According to Ray Ricks, the Georgia-Pacific employee in charge of fire safety at the Corrigan mill, Georgia-Pacific relied upon GAPS to identify areas of risk at the Corrigan mill that were not up to NFPA standards and provide recommendations as to how to rectify those risks. Doc. No. 108, Ex. 1, at 14. According to Ricks, the purpose of GAPS's risk assessment services was to "give [Georgia-Pacific] recommendations to protect our mill," and those recommendations were based upon NFPA standards. *Id*. at 15-16.

This is consistent with the scope of services detailed in GAPS's services agreement with Georgia-Pacific, which noted that "all recommendations entered into the [Georgia-Pacific] report(s) will have to be NFPA code based . . . do not make any recommendations unless they can be support[ed] as a Code Violation. *No exceptions*." Doc. No. 78, Ex. A-2, at 29 (emphasis added). NFPA standards were the exclusive measure of risk assessment, according to the services agreement, because GAPS was "responsible for plan/project review," and because the "Georgia-Pacific Fire Protection Manual is no longer supported by the Risk Management Department." *Id*., at 27. Thus, when viewing the evidence in the record in the light most favorable to the Plaintiffs, there is a sufficient dispute of material fact as to whether Georgia-Pacific relied upon GAPS's risk assessment services to the extent that it neglected its own fire protection program.

In summary, it is possible that GAPS may eventually prevail at trial. But at this stage of the proceedings, the court is not convinced that GAPS has met its burden of showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a). Accordingly, GAPS's objections are overruled. GAPS's Motion for Summary Judgment (Doc. No. 78) is **DENIED**.

So **ORDERED** and **SIGNED** this **10** day of **August, 2017.**

_____
Ron Clark, United States District Judge