# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| **DEBRA MORRIS, et al.** | § | |
| | § | NO. 9:16-cv-35 |
| **V.** | § | |
| | § | |
| **AIRCON CORPORATION, et al.** | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The court referred this case by order to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management on April 13, 2016. (Doc. No. 16). The court has received the report of Judge Hawthorn (Doc. No. 147), which recommends denying Defendant GreCon, Inc.'s ("GreCon") Motion for Summary Judgment. (Doc No. 80). GreCon filed objections to the report and recommendation (Doc. No. 166), and the Plaintiffs filed a response. (Doc. No. 188).

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

GreCon raises four objections to Judge Hawthorn's report, and these objections are largely a restatement of its arguments in the initial Motion for Summary Judgment. After considering GreCon's objections, the court finds they are without merit and that Judge Hawthorn's findings and conclusions are correct.

First, GreCon argues that Judge Hawthorn falsely concluded that the Plaintiffs "presented sufficient evidence to create a fact issue on their design-defect claim." (Doc. No. 166, at 1). GreCon critiques the magistrate judge's interpretation of—and/or reliance on—the testimony of two corporate representatives and two experts. (*Id.* at 1-2). Though GreCon ably cites evidence favorable to itself showing it may not be responsible for design defects, the Plaintiffs have submitted evidence that creates a dispute of material facts. (Doc. No. 188, at 2-6).

Second, GreCon argues that Judge Hawthorn was incorrect in concluding that disputed material facts exist for the "Plaintiffs' manufacturing-defect claim." (Doc. No. 166, at 5). However, the Plaintiffs have shown disputed material facts exist about how the GreCon system may have been installed inconsistently with the specifications of GreCon's own installation instructions, and GreCon may have been involved in directing and controlling the placement and distances of certain zones of the spark detection and extinguishment system. (*See* Doc. No. 80, Ex. C; Doc. No. 86, Ex. 7, at 303:21-304:3, 305:16-20, and 307:10-18). These disputed facts are relevant to the existence of any manufacturing defects under the controlling law. *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006) ("A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous. A plaintiff must prove that the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of the plaintiff's injuries.") (citation omitted).

Third, GreCon argues that Judge Hawthorn mistakenly concluded there is a disputed material fact for the "Plaintiffs' marketing-defect claim." (Doc. No. 166, at 6). The Plaintiffs' experts have presented evidence that GreCon had design or manufacturing defects in its products and GreCon was involved in the integration of its products at the Corrigan Mill (Doc. No. 86, Ex.

2

4, at 14; *Id.*, Ex. 5, at 14)—both of these showings may mean that GreCon is not shielded from liability by the Component Parts Doctrine. Additionally, the Plaintiffs presented evidence that GreCon's marketing materials did not adequately warn of unreasonable dangers to the ultimate user of its product. (Doc. No. 86, Ex. 2). Thus, disputed material facts exist for the marketing-defect claim.

Fourth, GreCon argues that Judge Hawthorn falsely concluded there is a disputed material fact in the Plaintiffs' negligence claim. (Doc. No. 166, at 8). Especially in light of Rehr-Zimmerman's testimony (Doc. No. 86, Ex. 3-A, at 14), a genuine dispute exists as to whether Aircon or Georgia-Pacific relied on GreCon's approval for the location of the Spark Detection and Suppression System at the Corrigan Mill. GreCon concludes there was no duty to warn (Doc. No. 166, at 8), but this hasty conclusion does not convincingly distinguish *Borel v. Fireboard Paper Prods. Corp.*, 493 F.2d 1076 (5th Cir. 1973), and it ignores how GreCon may have had a duty to warn because it may have "actively participated in the integration of the component into the final system." *Ranger Conveying & Supply Co. v. Davis*, 254 S.W.3d 471, 482 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

It is, therefore, **ORDERED** that GreCon's objections (Doc. No. 166) are **OVERRULED** and Judge Hawthorn's report and recommendation (Doc. No. 147) is **ADOPTED**. GreCon's Motion for Summary Judgment (Doc. No. 80) is **DENIED**.

**So Ordered and Signed**
**Sep 25, 2017**

_____
Ron Clark, United States District Judge

3